MAURICE J. CROSS and Another, Copartners Doing Business under the Firm Name of M. J. CROSS & Co., Appellants, *v.* SYLVIA SILK Co., INC., and Others, Respondents.

First Department, December 23, 1927.

**Fraud and deceit — pleadings — sufficiency — complaint alleged that defendants aided and abetted third persons in securing loans from plaintiffs on false vouchers for merchandise — complaint states cause of action.**

The complaint states a sufficient cause of action to recover damages based on defendants' participation in alleged fraudulent acts by third persons. The complaint alleges that a corporation, now in bankruptcy, and its manager who has disappeared, were engaged in manufacturing silk and that the defendant corporation was engaged in converting and selling silk; that the individual defendants were officers and employees of the defendant corporation; that said bankrupt corporation and its manager planned to obtain loans from plaintiffs on fictitious accounts pledged as collateral by falsely representing that accounts received for merchandise were due said bankrupt corporation from defendant corporation. Complaint sets forth the execution of the plan that false invoices and receipts purporting to acknowledge receipt by defendant corporation of merchandise were delivered to said bankrupt corporation, that defendants

knowingly aided and abetted said bankrupt corporation and its manager in continuing to carry said plan into execution, and that defendants accepted and retained plaintiffs' statements, showing such false invoices, without making protest or giving warning that the statements were false. The complaint sets forth sufficiently that the defendants knowingly took an essential part in the continued consummation of the fraudulent acts and shows liability on the part of the defendants to the plaintiffs.

APPEAL by the plaintiffs from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of June, 1927.

*Edwin M. Otterbourg* of counsel [*Charles A. Houston* with him on the brief; *Otterbourg, Steindler & Houston,* attorneys], for the appellants.

*Eugene D. Boyer* of counsel [*Charles Strauss* with him on the brief; *Strauss, Reich & Boyer,* attorneys], for the respondents.

MARTIN, J. The complaint alleges that plaintiffs made a business of lending money to manufacturers; that the Louvre Manufacturing Company, Inc., under the general management of one Wiertz, was engaged in manufacturing silk; that the defendant Sylvia Silk Co., Inc., was a converter and seller of silk; that the defendant Hirsch was an officer of the Sylvia Company and the defendant David one of its employees; and that Wiertz, who thereafter left the jurisdiction and his corporation, the Louvre Company, which subsequently went into bankruptcy, planned to obtain loans from plaintiffs on fictitious accounts pledged as collateral by falsely representing that accounts receivable for merchandise were due the Louvre Company from the Sylvia Company, and planned to continue to defraud plaintiffs as long as their scheme was successful.

The complaint proceeds to set forth the execution of the plan over a period of eight to ten months, concededly containing allegations which would state a cause of action against Wiertz and the Louvre Company. But they are not parties; and for defendants it is argued that the pleading is defective against defendants, it being asserted that there is no allegation that they made any misrepresentation or that plaintiffs relied upon or were deceived by anything which defendants did.

It is alleged that the series of loans obtained by the Louvre Company amounted in all to over $70,000; that false invoices and receipts, purporting to acknowledge receipt by the Sylvia Company of merchandise as indicated by the invoices, were delivered to plaintiffs by Wiertz and the Louvre Company; that defendants " knowingly aided and abetted " them in continuing to carry their said plan into execution, " and with the intent to aid and abet the same," did certain things and omitted to do

others; that during said period they gave Wiertz and the Louvre Company receipts for merchandise, a large number of which were false in that no corresponding sales or deliveries were ever made; gave to the Louvre Company checks of the Sylvia Company totalling over $56,000, which were delivered to plaintiffs, banked, paid and returned to the Sylvia Company, that is as check vouchers; accepted and retained plaintiffs' statements, which were received from time to time and which itemized the sale invoices, making, " at the request of the Louvre Company and of said Wiertz," no protest to plaintiffs and giving no warning that the statements were false, " although the defendants knew that the same were false."

Plaintiffs seek to recover damages to compensate them for the total of the loans less the amounts received on the Sylvia Company checks.

It is argued, from the complaint and the proof in another action, matters not to be considered on this application, as well as from plaintiffs' pleading in this case, that plaintiffs have studiously avoided " a direct charge of fraud against the defendants," seeking to charge them as accessories but not as principals in the wrong against plaintiffs; that profiting by the trial referred to, their counsel have designed this pleading so as to avoid setting forth as against the defendants allegations customarily found in actions for fraud or deceit.

This argument is based on bare assertions to the effect that various allegations are " meaningless " and " worthless," especially in view of what has happened in another action; and it takes no account of the rule that the pleader is to be given the benefit of what may be regarded as the fair intendment of his allegations. By a somewhat similar process of elimination, quite unwarranted, counsel for respondents would have us reach the conclusion that, because some of the sales may have actually taken place, plaintiffs fail to show facts from which damage resulted.

We believe that the pleading sets forth that defendants knowingly took an active part in the continued consummation of the series of fraudulent acts and we are of the opinion that, on the face of the complaint and assuming it to be true, which we must at this time, liability of the defendants for assisting in the perpetration by others of actionable wrong follows from what is alleged. We are not at liberty to disregard the allegations setting forth that defendants knowingly took an essential part in the execution of the plan over the period set forth in the complaint.

A good cause of action has been alleged and it was error to dismiss the complaint.

The order appealed from should, therefore, be reversed, with ten

dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendants to answer upon payment of said costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants to answer upon payment of said costs within twenty days from service of order.